IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RECEIVED
MAY 29 PM 12: 21

HARRY CONNER,

    Plaintiff.

vs.                                                         No. 11-2476-JPM-cgc

UNITED STATES POSTAL SERVICE,
et al.,

    Defendants.

---

## PLAINTIFF'S SUPPLEMENTAL COMPLAINT

---

### INTRODUCTION

COMES NOW the plaintiff, Harry Conner pursuant to Federal Rules of Civil Procedure 15(d) and this Court's Order dated May 14, 2012, to file his supplemental complaint seeking judicial review of the following agency final decisions of the United States Office of Personnel Management's November 14, 2011, Final Decision regarding plaintiff's rights under the Federal Employees' Group Life Insurance Act (FEGLIA). Specifically, plaintiff seeks correction of alleged administrative errors committed by the United States Postal Service in making inaccurate certifications in its FEGL form SF 2821, Agency Certification of Insurance Status dated January 20, 1982.



Plaintiff contends that the inaccurate certifications contained therein pertained to his deceased mother's Federal Employees' Group Life Insurance (FEGLI) coverage and subsequent adverse decisions regarding his rights and interest under the FEGLIA which are based upon the Postal Service's inaccurate information supplied in support of its certifications regarding plaintiff's mother's civil service and salary histories have deprived him of due process and equal protection of law.

Plaintiff further respectfully contends that the OPN decision should be reversed because it was arbitrary, capricious and an abuse of discretion because the Office failed to consider what plaintiff believes was substantial credible evidence which was contrary to its findings, because the decision was based upon an inaccurate factual basis supplied by the Postal Service and if the true factual basis was discovered, the agency could not have legally reached the decision that it made, and because there was no credible evidence presented whatsoever produced to support the final facts that the agency made on its own. Plaintiff will show the relevant facts are:

### PROCEDURAL BACKGROUD

1. In July of 2010, under claim #20100301872, plaintiff made claim with MetLife's Office Of Federal Group Life Insurance (OFEGLI) for life insurance proceeds due under his deceased mother's FEGLI policy. OFEGLI



determined that $14,000.00 plus $96.00 interest was due under the policy and informed plaintiff that if he had any further questions or needed further help he should call MetLife's customer service. (exhibit 1).

2. Plaintiff immediately disagreed with OFEGLI assessment of the proceeds due and informed MetLife of the nature of his dispute at the telephone number provided. Plaintiff specifically inquired of MetLife that if he cashed one or more of the checks provided from the Total Control Account that it opened in his name, would he be waiving his right to dispute or seek correction of any errors that plaintiff believes occurred in the processing of his claim and/or incorrect payment of proceeds resulting from administrative errors on the part of the Postal Service.

3. Plaintiff was told by the MetLife representative that by cashing a check from the money account he would not waive any rights he had to dispute his claim because a federal employees' rights to life insurance proceeds are governed by federal law administered through OPM and if he believes there was error the proper way to correct the error was to contact OPM regarding such disputes because MetLife has no power to make such changes.

4. In July of 2010, plaintiff informed OPM of his dispute with MetLife concerning the payment of proceeds under his mother's FEGLI life insurance policy and was informed by OPM in an initial decision dated August 20,

2010, that the Postal Service had certified to OPM that Plaintiff's mother, Mary Conner pay had ceased with the agency as of August 18, 1972 and that there was no evidence that civil service retirement deductions were withheld from her pay after that date. (exhibit 1).

5. OPM went on in its initial decision to inform plaintiff of his right to seek reconsideration of the decision within thirty days of the date of the letter informing plaintiff of the right to reconsideration.

6. On August 23, 2010, plaintiff timely sought reconsideration of the initial decision. (exhibit 1). In support of his contention that the information supplied by the Postal Service was inaccurate, plaintiff submitted the following documents which were provided to him by the Postal Service and OPM themselves which were provided to this plaintiff in response to his Freedom of Information (FOIA) request.

7. The evidence presented consisted of: (a) a Postal Service Work Performance Evaluation Certification of Satisfactory dated November 08, 1972; (b) a Postal Service Notice of Personnel Action form PS 50, depicting a promotion for plaintiff's mother to be effective a promotion effective July 21, 1973, at a salary of $10,844.00; (c) a PS 50, dated October 10, 1975, depicting a Postal employee duty reassignment of plaintiff's mother at a salary increase of $14,419.00; (d) a PS b50, dated September 10, 1976,

4

depicting a cancellation of separation for disability and a return to the employee rolls with full duty and pay status at a salary increase of $15,070.00; (f) a Postal Service Terminal Leave Worksheet, dated November 26, 1980, depicting a separation date due to disability of September 26, 1980, at a salary of $21,139.00; (e) a PS 50, dated February 26, 1981, depicting cancellation of the previous separation due to disability retroactive to the date of separation and a return to full duty and pay status at level 6, step 12, salary of $21,763.00 annually.[1] (g) a U.S. Civil Service Commission form, SF 2806-1, Certified Notice of Correction of Individual Retirement Record dated March 24, 1981, depicting the fact that the Postal Service's September 26, 1981, involuntary separation of plaintiff's mother from its employee's rolls as being cancelled retroactive to date of separation and return to the employee rolls in full duty and pay status at a base salary of $18,830.00 annually; (h) an OPM Retirement and Insurance Programs document provided plaintiff by OPM dated December 14, 1981, with a notation signed by then OPM Claims Examiner, Sue, CE #57, depicting the fact that plaintiff's mother's disability

---

[1] This Court has refused to take requested judicial notice of this document in its April 20, 2012 Order (Docket 50), finding the Document to be only partially legible and not properly authenticated. However, plaintiff respectfully states that the document was rendered in such a condition through no fault of his own and is in exactly the same condition as was provided by the Postal Service who has also failed and continues to fail to provide certification for the document it produced per FOIA request and further respectfully requests that the Court will base its decision to review based upon the administrative record.

retirement claim #CSA 2-452-791, was dismissed on April 15, 1982;[2] (i) Postal Service Salary Change Notices dated from October 14, 1972 through November 05, 1977. (see administrative record).

8. Despite the fact that neither OPM nor the Postal Service have ever questioned the veracity of the documents produced in these proceedings, OPM failed to consider the documents and found of its own, that its final decision regarding plaintiff's mother's claim for disability retirement, was approval. When OPM knew or should have known its final decision was dismissal of plaintiff's mother's claim.

9. There is no "Final", Civil Service Retirement (CSRS) Individual Retirement Record (IRR), form SF2806. There is no "Final" SF 2807, Register of Separation of Transfer document that can be produced because plaintiff mother was never transferred from the Postal Service to any other agency prior to death.

10. OPM further found that plaintiff's mother had elected compensation over annuity without there ever being any such election document. As this

---

[2] OWCP has produced before this Court an OWCP document dated August 18, 1982, entitled "Memorandum To The Director In Case #A10-125033, Mary W. Conner, that depicts the fact on said date OWCP terminated plaintiff's mother's compensation payments based upon information from the Postal Service that she refused suitable employment offered by the Postal Service. Also produced before this Court was an OWCP document dated October 27, 1983, entitled Compensation Order Vacating the prior decision to terminate compensation. See Declaration of Antonio Rios, Deputy Director for Federal Employees' Compensation, Office of Worker's Compensation Programs (OWCP), dkt. #39, attachment 1.



Court knows there are federal documents that are required to be filled out and signed that every part of federal employment its agencies are not allowed to make up the rules of retirement, compensation, benefits and pay status for no other reason than expediency.

11. Because of the Postal Service refuses to correct the obvious administrative errors made in its clearly erroneous facts stated in its inaccurate certifications and because OPM refused and continues to refuse to order the necessary corrections, plaintiff has and continues to suffer in his rights as a FEGLI beneficiary under the FEGLIA statues and federal regulations ( 5 U.S.C. § 8701 *et seq.,* and Title 5 of the Code of Federal Regulations, part 870), to a fair and just adjudication of the proceeds due under his deceased mother's FEGLI policy which form the legal and factual basis for the relief that he is entitled to under the laws and Constitution of the United States of America.

12. The Administrative Procedure Act 5 U.S.C. § 702, provides that a person suffering a legal wrong because of an agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statue, is entitled to judicial review thereof.

**WHEREFORE,** based upon the aforementioned, plaintiff prays this Court will judicially review the complained of OPM Final Decision based upon the

administrative record, will reversed the decision and order the necessary corrections thereto as appropriate and will grant any and other relief that he is entitled as a matter of law.

Respectfully submitted,

HARRY CONNER
DATED: May 29, 2012

## VERIFICTION

Pursuant to 28 U.S.C. § 1746, I Hereby Swear Under the Penalty of Perjury that the facts stated within this document are true and correct to the best of my knowledge and belief and to such matters based upon information and belief, Plaintiff believes it to be true.

HARRY CONNER
DATED: May 29, 2012



8

## CERTFICATE OF CONSULTATION

Plaintiff, Harry Conner, hereby certifies that on May 29, 2012, per telephonic conversation between Assistant U.S. Attorney Gary Vanesak, counsel for Government Defendants U.S. Postal Service and U.S. Department of Labor Office of Worker Compensation Program and Attorneys Patricia Head Moskal, and Joshua Phillips, attorneys for Defendants MetLife and Metropolitan Life Insurance Companies, oppose Plaintiff's Motion to File a Second Amended and Supplemental Complaint. Plaintiff having previously served the Defendants' attorneys with copies of same. Second Amended and Supplemental Complaints.

HARRY CONNER

## CERTIFICATE OF MAILING

Plaintiff hereby certifies that on or about May 23, 2012, the Defendants Attorneys, Government Defendants Assistant U.S. Attorney Gary Vanesek and Corporate Defendants, MetLife and Metropolitan Life Insurance Companies were served with proposed paper copies of plaintiff's Second Amended and Supplemental Complaints addressed as follows:

U.S. Attorney Edward Stanton, III
c/o Assistant U.S. Attorney Gary Vanasek
167 N. Main St., Suite 800
Memphis TN 38103

Attorney Patricia Head Moskal
Attorney Joshua Phillips
1600 Division Street, Suite 700
Nashville, TN 37203

The above named Defendants and attorneys are agin served with the aforementioned documents on May 29, 2012, at time of filing per Court's Electronic Filing System.

HARRY CONNER
DATED: MAY 29, 2012