IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| HARRY CONNER, sole heir and designated beneficiary of Mary Conner Nelson (deceased), | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:11-cv-02476-JTF-cgc |
| UNITED STATES POSTAL SERVICE, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ORDER GRANTING DEFENDANTS' UNITED STATES POSTAL SERVICE AND UNITED STATES DEPARTMENT OF LABOR OFFICE OF WORKERS' COMPENSATION PROGRAMS MOTION TO DISMISS SECOND AMENDED COMPLAINT**
**ORDER GRANTING DEFENDANTS' METLIFE, INC. AND METROPOLITAN LIFE INSURANCE COMPANY MOTION TO DISMISS**
**ORDER DENYING PLAINTIFF'S RECORD/MOTION FOR JUDGMENT ON ADMINISTRATIVE PLEADINGS**
**ORDER GRANTING DEFENDANT OFFICE OF PERSONNEL MANAGEMENT'S MOTION FOR SUMMARY JUDGMENT**
**ORDER GRANTING PLAINTIFF'S MOTION FOR EXCESS PAGES**
**ORDER OF DISMISSAL**

Before the Court is Defendants' United States Postal Service ("USPS") and Office of Workers' Compensation Program ("OWCP") Motion to Dismiss Second Amended Complaint (D.E. #95); Defendants MetLife, Inc. and Metropolitan Life Insurance Company's (collectively "MetLife Defendants") Motion to Dismiss (D.E. #104); Plaintiff's Motion to Amend Administrative Record/Motion for Judgment on the Administrative Pleadings (D.E. #124); United States Office of Personnel Management's ("OPM") Motion for Summary Judgment (D.E.

1

#125); and Plaintiff's Motion for Leave to File Excess Pages (D.E. #140). On June 6, 2013, this Court entered an Order referring all Motions to the Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. §§631-39. (D.E. #14). On September 16, 2013, Magistrate Judge Charmaine G. Claxton entered her Report and Recommendation on the above motions. (D.E. #149). On September 17, 2013, Plaintiff filed his Objections to the Magistrate's Report and Recommendation. (D.E. #150). Plaintiff also filed a Second Set of Objections to the Magistrate's Report and Recommendation on September 30, 2013. (D.E. #153).

MetLife Defendants filed their Response in Opposition to Plaintiff's First Set of Objections on October 21, 2013 (D.E. #154), and subsequently filed a Response in Opposition to Plaintiff's Second Set of Objections on October 31, 2013 (D.E. #158). Also on October 31, 2013, the Federal Defendants filed Exceptions to the Magistrate's Report and Recommendation with respect to their Motion to Dismiss. (D.E. #157). Plaintiff filed his Response to the Federal Defendants' Objections on November 4, 2013. On December 17, 2013, Plaintiff filed a Motion for the Court to Consider Additional Evidence in Support of His Objections to the Magistrate's Report and Recommendation (D.E. #160), but this Court entered an Order Denying Plaintiff's Motion on January 28, 2014. (D.E. #161). After reviewing the Magistrate's Report and Recommendation, all Objections and Response, and the entire record, this Court finds that all of Plaintiff's Objections should be overruled, and the Magistrate's Report and Recommendation should be adopted in part and denied in part. Therefore, this case is dismissed in its entirety with prejudice.

I. **BACKGROUND**

This Court adopts and incorporates the thorough analysis of the Magistrate Judge's summary of the background and proposed findings of the facts of this case. *See* D.E. #149, at 2-21.

## II. LEGAL STANDARD

### A. Standard for District Court Judge's Review of a Report and Recommendation

A district judge has the discretion to refer dispositive matters to a magistrate judge to conduct a hearing and propose findings of fact and recommendations. 28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by the judge of court, of any motion excepted in subparagraph (A) [for which a motion for summary judgment, judgment on the pleadings, motion to dismiss, etc. are included]"). The district court judge has the authority to review the magistrate judge's proposed findings of fact and recommendations under a *de novo* determination. *See* 28 U.S.C. § 636(b)(1)(C); *See e.g. Baker v. Peterson*, 67 Fed.App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."); *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980) (quoting *Matthews v. Weber*, 423 U.S. 261, 275 (1976) ("in providing for a '*de novo* determination' Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")

### B. Standard for Motion to Dismiss

When assessing a plaintiff's claim at the motion-to-dismiss stage, the Sixth Circuit has stated that the court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). A complaint need not have specific facts, it need only "give the defendant fair notice of what the

. . . claim is and the grounds upon which it rests." *Id* (quoting *Erikson v. Pardus*, 551 U.S. 89, 93 (2007)). However, the courts have also emphasized that the complaint must raise more than labels, conclusions, or a "formulaic recitation of a cause of action's elements." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The threshold inquiry in determining if the moving party is entitled to dismissal is whether the plaintiff has "provided the 'grounds' of his entitle[ment] to relief." *Bell Atlantic Corp.*, 550 U.S. 555.

A complaint can survive a motion to dismiss if it contains "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" if the plaintiff provides enough factual allegations for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. As the *Iqbal* Court explains, "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id* at 679. If the complaint merely pleads facts that are parallel to the defendant's liability, then the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id* at 678 (quoting *Bell Atlantic Corp.*, at 557).

**C. Standard for Motion for Summary Judgment**

Summary judgment is appropriate if the moving party can establish there is "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The threshold inquiry in determining if the party is entitled to summary judgment is whether a finder of fact could reasonably find in favor of either party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 259 (1986). A party, asserting that a fact cannot be or that a fact is genuinely disputed, must support his assertion by citing to specific parts in the record, and the court must examine all factual evidence in the light most favorable to the non-moving party. *See* Fed. R. Civ. P 56(c); *See McLean v. 988011*

*Ontario Ltd.*, 224 F.3d 797,800 (6th Cir. 2000)(citing *Northland Ins. Co. v. Guardsman Prods., Inc.,* 141 F.3d 612, 613 (6th Cir. 1998)).

The non-moving party can survive a motion for summary judgment by establishing "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Although the non-moving party has the burden of producing rebuttal evidence, the non-moving party can simply overcome summary judgment by producing evidence from the pleadings, depositions, and any other documents in the record that establish a genuine issue. *See Celotex,* 477 U.S. at 324. Nevertheless, the non-moving party must prove more than a "mere existence of some alleged factual dispute between the parties" and must provide facts that are material to the outcome of the suit in order to survive the summary judgment motion. *Anderson,* 477 U.S. at 247-248.

If the non-moving party fails to support the facts asserted, the court has discretion to:

> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials—
> including the facts considered undisputed—show that the movant
> is entitled to it; or
> (4) issue any other appropriate judgment.

Fed. R. Civ. P. 56(e).

### III.   ANALYSIS

The Magistrate Judge correctly and succinctly summarized Plaintiff's allegations against Defendants: (1) Count I alleges that Defendant USPS breached its duties under the Federal Employees Group Life Insurance Act (FEGLIA); (2) Count II alleges that Defendant USPS failed to properly maintain records in connection with Plaintiff's Federal Employees Group Life Insurance (FEGLI) policy; (3) Count III alleges that Defendant USPS was negligent and breached its duties under FEGLIA and the Federal Tort Claim Act (FTCA), which, in turn,

resulted in Defendant OWCP's errors in processing the FEGLI policy; and (5) Count VI alleges that Defendant USPS committed negligence by failing to perform duties in relation to Plaintiff's FEGLI policy. Based on the controlling case law and standards of the FEGLIA, the Magistrate Judge recommended that: (1) Defendant USPS's Motion to Dismiss Second Amended Complaint be granted in part and denied in part; (2) Defendant OWCP's Motion to Dismiss Second Amended Complaint be granted; (3) MetLife Defendants' Motion to Dismiss be granted; (4) Plaintiff's Record/Motion for Judgment on the Administrative Pleadings be denied; (5) Defendant OPM's Motion for Summary Judgment be granted; and (6) Plaintiff's Motion for Leave to File Excess Pages be granted.

Based upon the Magistrate's analysis, Objections, Responses, and relevant case law, the Court adopts recommendations (2)-(6) of the Magistrate's findings and rejects recommendation (1).

**A. The Magistrate Judge properly analyzed Defendant OWCP's Motion to Dismiss Second Amended Complaint, MetLife Defendants' Motion to Dismiss, Plaintiff's Record/Motion for Judgment on the Administrative Pleadings, Defendant OPM's Motion for Summary Judgment, and Plaintiff's Motion for Leave to File Excess Pages**

Although there is no controlling law and little precedential authority in this Circuit regarding FEGLIA and FEGLI policy claims, there is case law in this Circuit that is on point for the issue before this Court. In *Graber v. Metropolitan Life Insurance Co.*, the court ruled that "[c]ase law holds, and the parties agree, that under this FEGLIA provision 'the United States has consented to be sued for any *breach of legal duty* owed by it under FEGLIA.'" 855 F.Supp.2d 673,677 (N.D. Ohio Jan. 9, 2012)(quoting *Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 513 (5th Cir. 2000). Specifically, the court found that the *only* duty the government owes under the FEGLIA is the duty to safeguard the proper negotiation and issuance of the FEGLI policy. *See*

*id*. at 678 ("the only legal duty imposed on the United States under FEGLIA is to ensure that the correct FEGLI policy is negotiated and issued. . . . [it does not] include the duty to properly maintain beneficiary forms.") Under this analysis, the Magistrate Judge correctly found that Defendant OWCP's Motion to Dismiss Second Amended Complaint (D.E. #95) should be granted, the MetLife Defendants' Motion to Dismiss (D.E. #104) should be granted, Plaintiff's Record/Motion for Judgment on the Administrative Pleadings (D.E. # 124) should be denied, Defendant OPM's Motion for Summary Judgment (D.E. #125) should be granted, and Plaintiff's Motion for Leave to File Excess Pages (D.E. # 140) should be granted.

Plaintiff argues in his First Set of Objections that the Magistrate fails to: (1) liberally construe his pleadings based on his *pro se* status; (2) consider specific material evidence from his mother's Retirement File from OPM, which shows Defendants' falsification of documents pivotal to his mother's retirement benefits; and (3) apply the appropriate standard of law to the facts. Specifically, he asserts that the Magistrate's determination of the applicable law is contrary to controlling federal law.

In his Second Set of Objections, Plaintiff reiterates many of his same arguments but adds that the Magistrate's Report and Recommendation should not be adopted because it will: (1) grant Defendant OPM excess discretionary authority over matters it has no legal discretion to handle in the adjudicative process; (2) grant federal employees, who do not have designated or appointed authority, the ability to improperly terminate a federal employee's benefits and employment; (3) allow Courts to improperly consider evidence in support of a motion to dismiss without converting it to a motion for summary judgment; (4) allow for federal employers to falsify employee documents; (5) advocate "clear fraud to be perpetrated upon the Court in order to subvert the administration of justice and defile the integrity of the Courts through the

deliberate use of perjured statements" (D.E. #153, at 2); and (6) allow for employing agencies to use coerced statement by employees as material evidence in Court. Plaintiff also requests that the Court allow him to file a third amended Complaint to add additional claims and factual background.

In the MetLife Defendants' Response to Plaintiff's First Set of Objections, the MetLife Defendants argue that Plaintiff's mere reiteration of his claims do not rise to the standard necessary to survive the Motion to Dismiss standard. Specifically, the MetLife Defendants contend that "Plaintiff's objections fail to address the substance of the Magistrate Judge's legal conclusions with respect to the lack of any legal duty owed by MetLife to the Plaintiff. . ." (D.E. #154, at 3). Additionally, in the MetLife Defendants' Response to Plaintiff's Second Set of Objections, the MetLife Defendants argue that: (1) Plaintiff's additional Objections should be denied; (2) Plaintiff's request for leave to file a third amended complaint should be denied; and (3) Plaintiff's reiteration of his baseless conclusions should be dismissed against the MetLife Defendants, and (4) the Magistrate's recommendation for dismissal should be adopted.

Before addressing Plaintiff's Objections, this Court finds it necessary to discuss whether Plaintiff's second set of Objections should be allowed. MetLife Defendants raise a credible argument that Plaintiff's second Objections are improper, and this Court is inclined to agree. Rule 72(b)(2) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) states, in relevant part, that,

> Within 14 days after being served a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. . .

8

*See also* 28 U.S.C. § 636(b)(1)(C)("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.") and Local Rule 72.1(g)(2)("Within fourteen (14) days after such service, any party may file and serve written objections thereto.")  Based upon the Fed. R. Civ. P. and all other governing rules, this Court believes Plaintiff's Second Set of Objections was improperly filed and should be struck from the record.  Therefore, this Court hereby STRIKES Plaintiff's second set of Objections and all arguments contained within.

The Court now turns to Plaintiff's First Set of objections and the MetLife Defendants' Response.  As explained above, Plaintiff asks the Court to overturn the agency's decision, consider evidence showing Defendants' alleged malfeasance, and apply a less stringent standard against his pleadings since he is a *pro se* plaintiff.  However, Plaintiff does not provide any new or additional evidence or case law that supports his allegations.  Much of Plaintiff's objections are, as the MetLife Defendants have correctly asserted, simply reiterations of the claims in his Complaint.  Although he does object to the Magistrate's application of legal standards, Plaintiff's objections fall short of surviving the Motion to Dismiss, Motion for Summary Judgment, and Administrative Procedure Act ("APA") standards for his respect claims.  The Magistrate Judge correctly analyzed Defendant OWCP's and MetLife Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), Defendant OPM's Motion for Summary Judgment under Fed. R. Civ. P. 56(a), and Plaintiff's Record/Motion for Judgment on the Administrative Pleadings under the APA's arbitrary and capricious standard.

Plaintiff is correct in arguing that *pro se* plaintiffs are not to be held to the same stringent standards as a schooled attorney.  However, it is important for this Court to note that "even a pro se litigant, whether plaintiff or defendant, is required to follow the law." *Graham-Humphreys v.*

*Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir. 2000). Therefore, as a *pro se* plaintiff, Plaintiff is not exempt for the requirements of the Fed. R. Civ. P., federal statutes, or local rules of the district.

Therefore, this Court hereby OVERRULES Plaintiff's Objections and ADOPTS the Magistrate's recommendation, regarding Defendant OWCP's Motion to Dismiss Second Amended Complaint, the MetLife Defendants' Motion to Dismiss, Plaintiff's Record/Motion for Judgment on the Administrative Pleadings (D.E. # 124), Defendant OPM's Motion for Summary Judgment (D.E. #125), and Plaintiff's Motion for Leave to File Excess Pages.

### B. The Magistrate Judge properly analyzed Defendant USPS's Motion to Dismiss, but USPS's Motion should be construed as a Motion for Summary Judgment

The Magistrate recommends that Defendant USPS's Motion to Dismiss should be granted in part and denied in part. Specifically, the Magistrate recommends that: (1) Plaintiff's claim that Defendant USPS breached its duty under FEGLIA (i.e. Count I) should be dismissed for failure to state a claim; (2) Plaintiff's claim that Defendant USPS failed to properly maintain records in connection with Plaintiff's mother's FEGLI policy and her optional insurance elections (i.e. Count II) should not be dismissed; (3) Plaintiff's claim that Defendant USPS's negligence caused Defendant OWCP's errors in properly negotiating and issuing his mother's policy (Count III) should not be dismissed; (4) Plaintiff's claims that Defendant USPS was negligent under the FTCA (Count III) should be dismissed; and (5) Plaintiff's claim that Defendant USPS committed negligence by failing to perform its duties with regard under the policy (Count IV) should not be dismissed.

As stated above, Plaintiff objects to the Magistrate's legal analysis of his claims, urges this Court to consider additional information evidencing the validity of his claims, and asks the

Court to reject the Magistrate's Report and Recommendation. The Federal Defendants, without directly addressing the Plaintiff's Objections, filed their Exception to the Magistrate's recommendations. Instead of objecting the findings of the Magistrate, the Federal Defendants argue that "the indisputable facts, the R&R's recommendation that [OPM's] Motion for Summary Judgment . . . and the statutory requirements governing eligibility for coverage under [FEGLIA] dispose of all the remaining claims asserted in Plaintiff's Second Amended Complaint." (D.E. #157, at 1). Specifically, the Federal Defendants argue that all of Plaintiff's surviving claims arise from the same negligence allegations that have been recommended by the Magistrate to be dismissed. The Federal Defendants request that the Court construe their Motion to Dismiss as a Motion for Summary Judgment and dismiss all claims in their entirety.

Plaintiff's Response to the Federal Defendants' Exception again reiterates Plaintiff's allegations of Defendants' alleged malfeasance and the Court's need to consider additional, non-hearsay evidence to make a proper determination of the facts of the case. However, based on the relevant case law in *Graber* cited above, the Magistrate's proper analysis of the Plaintiff's claims, the Federal Defendants' Exception, and the Plaintiff's Objections, this Court finds the Federal Defendants' Exception persuasive and appropriate. Counts II, III, and IV of Plaintiff's Complaint do arise from the same facts and analysis of the claims recommended for dismissal by the Magistrate. The remaining counts do bring at issue the Federal Defendants' duties to negotiate and issue the policy, but the remaining counts fail to not only state a claim for which a relief could be granted but also fail to assert a genuine dispute as to any material fact.

With all the relevant facts and analysis already decided upon in the Final Agency Decision and the Magistrate Judge's evaluation of the claims, this Court finds that the coverage that was issued is in the proper amount, $14,000, and that all allegations of Defendants' negligence are without

merit. Therefore, this Court hereby OVERRULES Plaintiff's Objections and ADOPTS in part and REJECTS in part the Magistrate's Report and Recommendation.

## IV. **CONCLUSION**

IT IS THEREFORE ORDERED that the Magistrate's Report and Recommendation is ADOPTED in part and REJECTED in part. Consequently, Defendants' USPS and OWCP Motion to Dismiss Second Amended Complaint is GRANTED; the MetLife Defendants' Motion to Dismiss is GRANTED; Plaintiff's Record/Motion for Judgment on the Administrative Pleadings is DENIED; Defendant OPM's Motion for Summary Judgment is GRANTED; and Plaintiff's Motion for Leave to File Excess Pages is GRANTED. This case is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 4th day of April, 2014.

BY THIS COURT:

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge